IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03034-PAB-MEH

JOHN F. MEDVED, an individual,
DEBRA MEDVED, an individual, and
MEDVED CHEVROLET, INC., a Colorado corporation,

    Plaintiffs,

v.

ALAN DeATLEY, an individual,
LESLIE A. POWERS, an individual,
POWERS & THERRIEN, P.S., a professional services corporation, and
RICHARD DAVIS, an individual,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court are Defendant DeAtley's Motion for Stay or for a Protective Order Staying Discovery Against Him [filed June 14, 2013; docket #61], Plaintiffs' Renewed Motion for Entry of a Disputed Protective Order Regarding Confidential Information [filed May 28, 2013; docket #56], a Motion to Quash Plaintiffs' Subpoena Pursuant to Fed. R. Civ. P. 45(c)(3)(A) filed by the Colorado Department of Revenue [filed May 31, 2013; docket #59], Plaintiffs' Motion to Compel [the Powers Defendants] to Respond in Full to Plaintiff John Medved's First Set of Written Discovery [filed June 28, 2013; docket #75], and Plaintiffs' Motion to Compel Defendant Alan DeAtley to Respond in Full to Plaintiff John Medved's First Set of Written Discovery [filed June 28, 2013; docket #76]. The motions are referred to this Court for disposition. (Dockets ##57, 60, 66, 77.) For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART**

**WITHOUT PREJUDICE** the motion to stay and **DENIES WITHOUT PREJUDICE** all remaining motions. The proceedings of this case are stayed until September 4, 2013.

**I.     Background**

The Plaintiffs initiated this action on September 28, 2012 in Jackson County District Court, alleging generally that Defendants engaged in improper acts to promote and facilitate the sale of Colorado conservation easement tax credits (which, allegedly, have been disallowed by the Colorado Department of Revenue) arising from conservation easements on property located in Jackson County, Colorado. Defendants removed the action to this Court on November 16, 2012. (Docket #1.) Defendants Davis and DeAtley filed answers to the complaint and the Powers Defendants filed a motion to dismiss the complaint on December 14, 2012. (Dockets ## 17, 18, 19.) Plaintiffs filed a motion to amend the complaint on January 15, 2013 (docket #29); both the motion to dismiss and motion to amend remain pending before the District Court.

Thereafter, this Court issued a Scheduling Order on January 23, 2013 setting a discovery cutoff of October 21, 2013 to accommodate the parties' desire to temporarily stay discovery until May 15, 2013 pending a "validity hearing," which was scheduled to occur April 29, 2013 through May 2, 2013 in Jackson County District Court. However, Defendant DeAtley informed the Court in his motion to stay that the validity hearing was vacated and has yet to be rescheduled.

Meanwhile, Plaintiffs filed their motion for entry of a disputed protective order; the motion became ripe on June 25, 2013. Barbara Brohl, Executive Director of the Colorado Department of Revenue, filed a motion on May 31, 2013 seeking to quash a subpoena issued by the Plaintiffs for certain taxpayer documents; Plaintiffs responded on June 21, 2013 and a reply brief is due to be filed on or before July 8, 2013. Defendant DeAtley filed his motion to stay proceedings or discovery as

to him on June 14, 2013; the Powers Defendants did not oppose the motion and Defendant Davis filed nothing in response to the motion, but the Plaintiffs filed a partial opposition on June 28, 2013. On the same date, the Plaintiffs filed motions to compel DeAtley and the Powers Defendants to respond to their first sets of written discovery.

Based upon the Plaintiffs' response and, otherwise, the lack of opposition to DeAtley's request for a stay of proceedings, the Court finds as follows.

## II.     Discussion

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In response to DeAtley's motion, Plaintiffs assert that while DeAtley's reasons for a stay are not justified, they believe a temporary stay of proceedings in this case is necessary to allow the first two phases of the Jackson County District Court action to proceed. In that court, the Plaintiffs

(apparently together with other claimants) appeal the Colorado Department of Revenue's disallowance of the conservation easement tax credits at issue in this case. According to state law, the appeal requires a "three-phased adjudication of the disputed conservation easement tax credits," and the Plaintiffs concede that their "total damages in this case will not be fully liquidated and determined until after Phase II's valuation, following which the Medveds' total damages, including penalties and interest (if any), will be known." Response, docket #74 at 2-3. As stated above, the Phase I validity hearing has not yet occurred and, thereafter, the state court will conduct a Phase II valuation at which it will determine the amount of principal tax, penalties, and interest owed on wholly or partially invalid credits.

The Court notes that, at the outset of this case, the parties agreed and requested a "stay" of discovery until after the Phase I validity hearing; that "stay" was to expire on May 15, 2013 assuming the validity hearing took place as scheduled. Nevertheless, it appears from the briefing that the parties have not yet exchanged discovery due to the pending motion to stay and other issues raised in other motions.

The Court finds that a balance of the *String Cheese* factors favors a temporary stay of proceedings in this case. The parties agree to a stay to avoid the burdens and/or costs of discovery at this stage, as well as to allow the state court action to proceed. Therefore, the first two factors favor a stay. As for the third factor, while the Court typically discourages stays of discovery, this Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of the first two phases of the state court action; at that time, the parties should have knowledge of the Plaintiffs' total damages at issue in this case. And, as the Plaintiffs point out, their claims likely would have been consolidated with the state court action had the Defendants determined not to remove the action to federal court and, thus, their claims would be awaiting the three phases as well.

4

The third factor weighs in favor of a temporary stay.

The fourth and fifth factors do not play a major role under the circumstances of this case; thus, the Court finds they weigh neutrally. Therefore, the Court finds good cause exists in this case to impose a temporary stay pending resolution of the first two phases of the Jackson County District Court proceeding concerning the Plaintiffs' appeal of the Colorado Department of Revenue's disallowance of the conservation easement tax credits at issue in this case. Because it would be imprudent to impose an indefinite stay, the Court will impose the stay until September 4, 2013 at which time the Court will hold a conference to determine the status of the state court proceedings.

In light of this order, the Plaintiffs' motion for entry of a disputed protective order and motions to compel are not ripe for determination and, thus, are denied without prejudice. The Plaintiffs may re-file their motions, if necessary, upon the Court's lift of the temporary stay. Likewise, the subpoena Plaintiffs served upon Ms. Brohl at issue in her pending motion is quashed without prejudice and subject to re-issuance upon the lift of the stay of proceedings, and Ms. Brohl's motion, therefore, will be denied without prejudice.

### III.   Conclusion

Accordingly, for the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART WITHOUT PREJUDICE**[1] Defendant DeAtley's Motion for Stay or for a Protective Order Staying Discovery Against Him [filed June 14, 2013; docket #61]. This matter is hereby **STAYED** until September 4, 2013 or pending further order of the Court. The Court will hold a Status Conference on **September 4, 2013 at 9:45 a.m.** in Courtroom A-501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado to learn the

---

[1] Because the Court did not consider DeAtley's other reasons for a stay of proceedings as to him, the Court will deny the motion in part without prejudice to allow DeAtley to re-file his motion based upon such other reasons upon the Court's lift of the temporary stay, if appropriate.

status of the proceedings in the Jackson County District Court case, *Nichols, et al. v. Colorado Department of Revenue*. At that time, the Court will determine whether to lift or continue the temporary stay.

In light of this order, the Plaintiffs' subpoena duces tecum issued to Barbara Brohl of the Colorado Department of Revenue is quashed without prejudice to its re-issuance upon the Court's lift of the stay of proceedings. Also, Plaintiffs' Renewed Motion for Entry of a Disputed Protective Order Regarding Confidential Information [filed May 28, 2013; docket #56], the Motion to Quash Plaintiffs' Subpoena Pursuant to Fed. R. Civ. P. 45(c)(3)(A) filed by the Colorado Department of Revenue [filed May 31, 2013; docket #59], Plaintiffs' Motion to Compel [the Powers Defendants] to Respond in Full to Plaintiff John Medved's First Set of Written Discovery [filed June 28, 2013; docket #75], and Plaintiffs' Motion to Compel Defendant Alan DeAtley to Respond in Full to Plaintiff John Medved's First Set of Written Discovery [filed June 28, 2013; docket #76] are **DENIED WITHOUT PREJUDICE** to their re-filing, if necessary, upon the Court's lift of the stay of proceedings.

Dated at Denver, Colorado, this 2nd day of July, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

6