IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-03034-PAB-MEH

JOHN F. MEDVED, an individual,
DEBRA MEDVED, an individual, and
MEDVED CHEVROLET, INC., a Colorado corporation,

      Plaintiffs,

v.

ALAN DEATLEY, an individual, and
RICHARD DAVIS, an individual,

      Defendants.

---

**ORDER**

---

This matter is before the Court on Mr. Powers' Motion to Certify Court's Order of Dismissal as Final Under Fed. R. Civ. P. 54(b) [Docket No. 101] filed by dismissed defendants Leslie A. Powers and Powers & Therrien, P.S.[1]

The facts giving rise to this case have been set forth at length elsewhere and will not be restated here except as relevant to resolving the present motion. *See* Docket No. 84 at 1-3. In a September 11, 2013 order (the "Order"), the Court granted defendants' motion to dismiss, dismissing with prejudice all claims against defendants pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Id.* at 14-25.[2] The Court

---

[1]Because only two of the defendants filed the present motion all references to "defendants," unless otherwise indicated, are to Mr. Powers and Powers & Therrien P.S.

[2]Plaintiffs argue, without citation to authority, that the Court's dismissal of their claims against defendants was not "on the merits" and functioned as a dismissal without prejudice. Docket No. 111 at 5. To the contrary, "dismissal for failure to state a

denied plaintiffs' request for leave to amend their complaint and defendants were dismissed from the case. *Id.* at 27-28.[3]

On October 28, 2013, plaintiffs and defendant Alan DeAtley filed the Joint Motion for Administrative Closure of Case Pursuant to D.C.COLO.LCivR 41.2, seeking to administratively close this case. Docket No. 99. On October 29, 2013, defendants filed the present motion. Docket No. 101. Defendants ask the Court to certify as final its Order of September 11, 2013 dismissing plaintiffs' claims against defendants pursuant to Fed. R. Civ. P. 54(b). *Id.* at 1. Plaintiffs oppose defendants' motion. Docket No. 111.

Federal Rule of Civil Procedure 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In order to direct entry of judgment under Rule 54(b), a court must find that three prerequisites are met: "(1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh,* 425 F.3d 820, 826 (10th Cir. 2005). In determining whether to enter judgment pursuant to Rule 54(b), the Court is to "weigh[ ] Rule 54(b)'s policy of preventing

---

claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). Under Rule 41(b), an adjudication upon the merits is the opposite of a dismissal without prejudice. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). The Court's Order did not state otherwise, *see generally* Docket No. 84, and, as such, dismissed with prejudice plaintiffs' claims against defendants. *See* Fed. R. Civ. P. 41(b).

[3]Plaintiffs filed a motion asking the Court to reconsider its denial of plaintiffs' motion for leave to amend. Docket No. 88. That motion is pending.

piecemeal appeals against the inequities that could result from delaying an appeal."

*Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir.

2005).  Ultimately, granting a Rule 54(b) motion is left to the sound discretion of the trial

court, which "must take into account judicial administrative interests as well as the

equities involved."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Given that this action consists of multiple claims, the Court first turns to the issue

of finality.  "To be considered 'final,' an order must be "'final" in the sense that it is an

ultimate disposition of an individual claim entered in the course of a multiple claims

action.'"  *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting

*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980)).  A "claim" is "generally

understood to include all factually or legally connected elements of a case."  *Id.*

Therefore, a judgment cannot be considered final unless the resolved claims are

"distinct and separable from the claims left unresolved."  *Id.* at 1243.

Plaintiffs' tenth claim for relief alleged that defendants and Mr. DeAtley conspired

to accomplish the unlawful goal of selling Conservation Tax Credits.  Docket No. 5 at

12.  Plaintiffs' eleventh claim alleged that defendants and Mr. DeAtley engaged in

racketeering activity in violation of the Colorado Organized Crime Control Act

("COCCA"), Colo. Rev. Stat. § 18-17-104 *et seq. Id.* at 12-13.  The allegations against

defendants were based upon the same facts and legal theories as the conspiracy and

COCCA allegations that remain against Mr. DeAtley.  Defendants do not argue

otherwise.  Thus, the Order cannot be considered final with respect to plaintiffs' tenth

and eleventh claims.

Plaintiffs' sixth, seventh, eighth, and ninth claims for relief were brought solely against Mr. Powers, Powers & Therrien, P.S., or both. *Id.* at 10-11.  Plaintiffs allege that defendants "rendered substantial assistance to DeAtley" in defrauding or otherwise harming plaintiffs through the sale of Conservation Tax Credits.  Docket No. 5 at 10-11, ¶¶ 77, 82, 86.  Accordingly, defendants' liability turns, in part, upon whether Mr. DeAtley "performe[d] a wrongful act."  *See Holmes v. Young*, 885 P.2d 305, 308 (Colo. App. 1994) (setting forth elements of aiding and abetting claim).  Although plaintiffs do not, strictly speaking, accuse defendants of engaging in the same conduct as Mr. DeAtley and Mr. Davis, all allegations are factually and legally connected by the same underlying activity, namely, the sale of Conservation Tax Credits.  The fact that the Court disposed of plaintiffs' claims against defendants without reaching the wrongful nature of Mr. DeAtley's underlying conduct does not, as defendants argue, make the claims themselves any less factually or legally connected to the claims that remain against Mr. DeAtley and Mr. Davis.  *See* Docket No. 112 at 3 n. 4.

Defendants also argue that, because the remaining parties seek to administratively close this case pending resolution of a pending parallel state court action, there are no remaining claims before this Court.  Docket No. 112 at 2.  However, because the administrative closure of a case contemplates "an eventual return to federal court," such an order is not a final decision and does not dispose of plaintiffs' claims.  *See Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1176-78 (10th Cir. 2005).  Thus, if this case is administratively closed, the case may be reopened in order for plaintiffs to litigate any remaining claims.  For the foregoing reasons, the Court cannot conclude that the dismissed claims against defendants are

distinct and separable from plaintiffs' remaining claims and, as such, finds that the Court's Order is not final for the purposes of Fed. R. Civ. P. 54(b).[4]

Even if the Court's Order were considered "final" for purposes of Rule 54(b), defendants have failed to show that the balance of equities favors certification. Defendants argue that, were plaintiffs to appeal a certified final order, administrative interests are not implicated because the Tenth Circuit would not be required to "consider the substantive issues between Mr. DeAtley and the Medveds." Docket No. 112 at 3. However, the issues raised in a possible appeal of the Order are not the lone consideration. Were plaintiffs to successfully appeal the Court's Order, considerable overlap would occur on remand, where Mr. DeAtley's underlying conduct would be squarely at issue and potentially the subject of a second appeal. With respect to plaintiffs' remaining claims, the wrongful nature Mr. DeAtley's conduct remains unadjudicated in this case and could "give rise to a separate appeal at the end of the case," which could cause the appeals court to "go over the same ground that it had covered" in considering plaintiffs' claims against defendants. *Jordan*, 425 F.3d at 827.

In light of this potential overlap, the Court turns to defendants' interests to determine whether they should prevail over administrative interests. Defendants argue that the failure to issue a Rule 54(b) order would "hold Mr. Powers hostage," Docket No. 112 at 4 n.5, and "cut off his right to have a just, speedy and economical determination of his case." Docket No. 101 at 5. Given that plaintiffs' claims against defendants have been dismissed, the primary uncertainty that exists for defendants is whether plaintiffs

---

[4]The Court need not reach plaintiffs' remaining arguments on the issue of finality.

will appeal the dismissal.[5]  This concern, by itself, is insufficient to outweigh

administrative interests in preventing piecemeal appeals and fails to account for the fact

that certification would force plaintiffs to decide whether to appeal before resolving their

remaining claims.  *See Onyx Props. LLC v. Bd. of Cnty. Comm'rs of Elbert Cnty.*, 916 F.

Supp. 2d 1191, 1211 (D. Colo. 2012) (finding that balance of interests favored denying

certification in part because "[t]his is not the usual case of the losing party requesting

the entry of final judgment under Rule 54(b), but rather the prevailing party seeking to

force the losing party to seek (or not seek) appellate relief").[6]

Defendants next argue that, should the Court administratively close this case,

"Mr. Powers would be forced to wait several years before obtaining any final resolution

regarding the Court's order."  Docket No. 101 at 5.  This argument fails to consider the

fact that, so long as the case remains administratively closed, plaintiffs are prohibited

from appealing and would be required to show good cause in order to reopen the case.

D.C.COLO.LCivR 41.2.  Thus, defendants have considerable procedural protections

and any remaining inequity does not outweigh administrative interests.

Finally, defendants argue that, if certification is not granted, the Court's Order

lacks a res judicata effect and may lead to the filing of additional lawsuits against

---

[5]Defendants could presumably appeal the Court's finding concerning personal jurisdiction, but defendants do not appear to argue that they intend to do so.

[6]Defendants point out that, unlike this case, the defendants in *Onyx Properties* sought certification despite the fact that the court did not dismiss all claims against them.  Docket No. 112 at 4.  However, the reasoning in *Onyx Properties* applies with equal force to defendants in this case who also argue that they will endure hardship by having to wait to learn whether plaintiffs will appeal.  Thus, the Court finds *Onyx Properties* persuasive.

defendants.  Docket No. 101 at 9.  The Court rejects defendants' argument.[7]

Defendants do not indicate that they are currently facing litigation based upon similar

claims and provide no basis upon which to support their assertion that future litigation is

likely.  Moreover, defendants admit that any such claims would be barred by the statute

of limitations.  *Id.* at 9 n.3.  The Court finds that administrative interests outweigh any

potential inequity that would result from delaying the entry of judgment in defendants'

favor.  The Court cannot therefore conclude that there is no just reason for delay.

*Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) ("[T]rial courts should be reluctant to

enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a

recourse for litigants when dismissal of less than all their claims will create undue

hardships." (quotations omitted)).

For the foregoing reasons, it is

**ORDERED** that Mr. Powers' Motion to Certify Court's Order of Dismissal as Final

Under Fed. R. Civ. P. 54(b) [Docket No. 101] is **DENIED**.


DATED September 9, 2014.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[7]Defendants cite no Tenth Circuit authority, and the Court is aware of none, that would compel the Court to grant a motion for certification solely to produce claim preclusive effects in another forum.  *See Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (suggesting that res judicata effects are proper consideration in deciding whether to grant Rule 54(b) certification).