IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-03034-PAB-MEH

JOHN F. MEDVED, an individual,
DEBRA MEDVED, an individual, and
MEDVED CHEVROLET, INC., a Colorado corporation,

    Plaintiffs,

v.

ALAN DEATLEY, an individual, and
RICHARD DAVIS, an individual,

    Defendants.

## ORDER

This matter is before the Court on the Joint Motion for Administrative Closure of Case Pursuant to D.C.COLO.LCivR 41.2 [Docket No. 99] filed jointly by plaintiffs John F. Medved, Debra Medved, and Medved Chevrolet, Inc. and defendant Alan DeAtley.[1] Former defendants Leslie A. Powers and Powers & Therrien, P.S. (collectively the "Powers defendants") oppose the motion. Docket No. 102.

The parties discussed administrative closure with the magistrate judge and were directed to file a joint motion to administratively close this case. Docket No. 95. A consolidated civil conservation easement tax credit case pertaining to the income tax credits at issue here is currently pending in the District Court for Jackson County, Colorado, *Nichols v. Colorado*, No. 2011CV14 (the "Jackson County case"). *See*

---

[1] Plaintiffs represent that defendant Richard Davis, who appears pro se, does not oppose the relief requested. Docket No. 99 at 1.

Docket No. 101-1.  Mr. DeAtley is a third party defendant in the Jackson County case. Docket No. 61 at 4.  The Jackson County case is in the process of being set for trial. *Nichols*, 2011CV14 (July 7, 2014 Minute Order).

The joint motion states that administrative closure of this case "is warranted pending the resolution of and/or further developments in the related proceedings in state court."  Docket No. 99 at 2.  In support of their motion for certification pursuant to Fed. R. Civ. P. 54(b), the Powers defendants argue that plaintiffs and Mr. DeAtley have admitted that substantive issues between them "will be decided in Jackson County." Docket No. 112 at 4.  Thus, there appears to be no dispute that plaintiffs' remaining claims should not proceed further until relevant issues in the Jackson County case are resolved.  Pursuant to D.C.COLO.LCivR. 41.2, the Court finds that good cause exists to administratively close this case.  *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) (noting that "an administrative closing has no effect other than to remove a case from the court's active docket and . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality").

In opposition to the present motion, the Powers defendants primarily repeat arguments from their motion for certification.  *Compare* Docket No. 102 at 4-8, *with* Docket No. 101 at 7-9.  Given that the Court denied the Powers defendants' motion to certify, the Powers defendants' arguments in response to the present motion have already been addressed by the Court and are largely moot.  *See* Docket No. 114.  The Powers defendants' reliance on *Doe v. Masse*, No. 11-cv-02107-PAB-KLM, 2012 WL

5866417 (D. Colo. Nov. 16, 2012), in support of their argument is misplaced. In *Doe*, this Court, on an unopposed motion, directed the entry of a final judgment on less than all claims and administratively closed the case, in part, because there was no apparent danger of piecemeal appeals. *Id.* at *2. Here, the Court reached the opposite conclusion on the issue of certification. Thus, *Doe* is inapplicable. As the Court has previously stated, because the claims against the Powers defendants have already been dismissed, the primary uncertainty that exists for the Powers defendants is whether or not plaintiffs will appeal the dismissal. So long as the case remains administratively closed, a final judgment on plaintiffs' remaining claims will not issue and plaintiffs will be prevented from appealing the Court's decision. Moreover, in order to reopen the case, plaintiffs must show good cause, which the Powers defendants may contest if they so choose. These procedural protections effectively vitiate the Powers defendants' concerns about being "held captive to a stay." Docket No. 102 at 2. To the extent such concerns survive, whatever inequity the Powers defendants perceive is outweighed by the remaining parties' interests in staying this litigation and awaiting a resolution or further developments in the Jackson County case.

Finally, the Powers defendants request that all pending motions be exempted from the administrative closure. Docket No. 102 at 6. This request is largely moot as plaintiffs' Motion to Reconsider Court's September 11, 2013 Order Denying Plaintiffs' Conditional Motion for Leave to Amend Complaint [Docket No. 88] is the only motion currently pending. The Court does not find it necessary to decide plaintiffs' motion for reconsideration prior to administratively closing this case and, by rule, "[a]dministrative closure of a civil action terminates any pending motion." D.C.COLO.LCivR. 41.2. To

the extent the Powers defendants wish to seek fees and costs in the future, they may, upon a showing of good cause, move to reopen this case and seek appropriate relief.

It is therefore

**ORDERED** that this case shall be administratively closed, subject to reopening for good cause, pursuant to D.C.COLO.LCivR 41.2

DATED September 9, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge